[No. 15847.· Department Two.—April 2, 1895.]

THE PEOPLE EX REL JOHN SCHNELL, APPELLANTS,
v. SAUSALITO LAND AND FERRY COMPANY,
RESPONDENT.

NUISANCE—PRIVATE WHARF AND FERRY LANDING—OBSTRUCTION OF PUB-
LIC STREET—FINDINGS.—In an action for the abatement of a nuisance
in the erection of.a wharf and ferry landing in a public street, where the
findings show that the wharf and ferry landing are not in the street,
but are east of its easterly line, and are the private property of the
defendant, free from any public right or easement, and do not in any
manner prevent the free and comfortable use and enjoyment by the
public of the street, such finding is determinative of the case in favor
of the defendant, if reasonably supported by evidence.

APPEAL from a judgment of the Superior Court of
Marin County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Attorney General W. H. H. Hart,* and *Hepburn Wilkins,*
for Appellant.

*Robert Harrison,* for Respondent.

McFARLAND, J.—This is an action brought in the
name of the people, at the request of the relator, Schnell,
to obtain a judgment declaring certain obstructions
alleged to have been put in a public street by defendant
to be a nuisance, and decreeing that they be abated
and that defendant be enjoined from further maintain-
ing them. Judgment was rendered for defendant, and
plaintiffs appeal from the judgment and from an order
denying a new trial.

The things alleged as constituting the obstructions
are that respondent wrongfully erected a fence and some
buildings upon and across a certain public street in the
town of Sausalito, known as and called Water street or
Water avenue. But the court found "that defendant at
no time built or erected, placed or maintained, on any
part of said Water street, or on any other public way,
any structure or obstruction whatever," or that it threat-

ened so to do.   This finding is entirely determinative of the case against appellants, unless the latter can show that it has no reasonable support in the evidence; and this they fail to do.   The court finds (in brief) that Water street runs northerly and southerly along the edge of the water on the westerly shore of the bay; that the fence and buildings complained of were erected on an artificial wharf and ferry landing, which respondent constructed, partly of rock and dirt and partly of wooden piles and framework, between Water street and deep water; that said wharf and ferry landing are east of the easterly line of Water street, and are the private property of respondent, free from any public right or easement; and that said fence and buildings do not " in any manner prevent the free and comfortable use and enjoyment by the public of said Water street, and of every part thereof."   We are satisfied that these findings are amply supported.   The evidence could not be intelligibly reviewed without making references to maps, deeds, ordinances, dedications, and other documents, in addition to considerable oral testimony; and such a review of the evidence here would serve no useful purpose.   There are only two errors of law assigned in rulings upon the admissibility of evidence; and they are of no substantial importance.

The judgment and order appealed from are affirmed.

TEMPLE, J., and HENSHAW, J., concurred.